■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN BRAND, Appellant.—Judgment unanimously affirmed. Memorandum: Upon our review of the record, we find no error that requires reversal of defendant's convictions of forgery and criminal possession of forged instruments. Where, as here, evidence of prior uncharged crimes or bad acts is relevant to negate the existence of mistake or to show the intent with which the defendant acted, its probative value is deemed to outweigh the danger of prejudice and such evidence is admissible (People v Dales, 309 NY 97, 100-101; People v Molineux, 168 NY 264, 291-293). This is particularly true in a case involving forgery where the underlying intent cannot always be easily inferred except from evidence of successive repetitions of the act (People v Dales, supra, at 101). Thus, evidence of other uncharged forgeries was relevant on the issue of defendant's intent (see, People v Johnson, 65 NY2d 556, 562, rearg denied 66 NY2d 759; People v Williams, 126 AD2d 935). Although it would have been preferable for the trial court to have instructed the jury as to the limited purpose for which the prosecution was allowed to make inquiry about other uncharged crimes, in the absence of a specific request for such an instruction, we find no basis for reversal.

We have reviewed all other claims raised by defendant on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Reed, J.—grand larceny, third degree, and other offenses.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.